UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00285

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

RICHARD W. DAVIS, JR.,

                Defendant,

DCG REAL ASSETS, LLC
DCG COMMERCIAL FUND I, LLC
H20, LLC
DCG PMG, LLC
DCG PMF, LLC
FINELY LIMITED, LLC
DCG FUNDS UNDERWRITING, LLC
DCG ABF MANAGEMENT, LLC
DCG FUNDS MANAGEMENT, LLC
DAVIS CAPITAL GROUP, INC.
DAVIS FINANCIAL, INC.
DCG COMMERCIAL HOLDINGS, LLC
DCG COMMERCIAL, LLC
DCG PARTNERS, LLC
DCG REAL ESTATE DEVELOPMENT, LLC
HUNTERSVILLE PLAZA PHASE ONE, LLC
HUNTERSVILLE PLAZA PHASE TWO, LLC
NORTH LAKE BUSINESS PARK, LLC
RICHARD DAVIS ENTERPRISES, LLC

                Relief Defendants.

**JUDGMENT AS TO DEFENDANT RICHARD W. DAVIS, JR.**

The Securities and Exchange Commission having filed a Complaint and Defendant

Richard W. Davis, Jr. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.

§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser:

    a. to employ any device, scheme or artifice to defraud any client or prospective client; or

    b. to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, [15 U.S.C. § 80b-6(4)], and Advisers Act Rule 206(4)-8, [17 C.F.R. § 275.206(4)-8], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle:

    a. to make any untrue statement of a material fact or to omit to state a material

fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

b. to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly engaging in the following conduct for a "pooled investment vehicle", as defined in Rule 206(4)-8(b) of the Advisers Act [17 C.F.R. § 275.206(4)-8(b)]:

a. any activity for the purpose of inducing or attempting to induce the purchase or sale of any security of a pooled investment vehicle;

b. causing any person or entity to engage in any activity for the purpose of inducing or attempting to induce the purchase or sale of any security of a pooled investment vehicle; or

    c. deriving compensation from any activity engaged in for the purpose of inducing or attempting to induce the purchase or sale of any security of a pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of any ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from August 24, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon the Court's appointment of a receiver for the Relief Defendants, DCG Real Assets, LLC, DCG Commercial Fund I, LLC, H20, LLC, DCG PMG, LLC, DCG PMF, LLC, Finely Limited, LLC, DCG Funds

8

Underwriting, LLC, DCG ABF Management, LLC, DCG Funds Management, LLC, Davis Capital Group, Inc., Davis Financial, Inc., DCG Commercial Holdings, LLC, DCG Commercial, LLC, DCG Partners, LLC, DCG Real Estate Development, LLC, Huntersville Plaza Phase One, LLC, Huntersville Plaza Phase Two, LLC, North Lake Business Park, LLC, and Richard Davis Enterprises, LLC, their subsidiaries, successors and assigns (the "Receivership Entities"), and in connection with such receivership: (a) Defendant will be precluded from arguing that he and the Receivership Entities did not violate the federal securities laws as alleged in the Complaint; (b) Defendant, either for himself or on behalf of the Receivership Entities, may not challenge the validity of the receivership; (c) for purposes of the receivership, the allegations of the Complaint and the factual statements in the order appointing the receiver shall be accepted as and deemed true by the Court; (d) Defendant, for himself and on behalf of the Receivership Entities, shall cooperate with the receiver, including, without limitation, by promptly and fully accommodating any request by the receiver for access to or possession, custody or control of any property or items the receiver deems necessary in fulfilling the scope of the receivership; and (e) Defendant, for himself and on behalf of the Receivership Entities, is hereby restrained and enjoined from interfering in any respect, directly or indirectly, with the receiver in the performance of his or her duties.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

This the 2nd day of June 2016.

Frank D. Whitney
Chief United States District Judge