UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | CASE NO. 3:16-CV-285-GCM-DCK |
| v. | |
| RICHARD W. DAVIS, JR., | |
| Defendant, and | |
| DCG REAL ASSETS, LLC, *et al.*, | |
| Relief Defendants. | |

**ORDER ESTABLISHING PROCEDURES FOR MISCELLANEOUS MOTIONS;
PROCEDURES FOR THE SALE OF ASSETS; AND
<u>CASE CLOSING PROCEDURES</u>**

This matter came before the Court on the *Receiver's Motion for Order Establishing Case Procedures* and Procedures for filed on July 8, 2016 (the "Motion"). The Court, having reviewed the Motion and the record in this case, has determined that the Motion should be allowed.

IT IS, THEREFORE, ORDERED that:

1) The Motion is GRANTED.

2) The following procedures shall apply in this case:

 (a) <u>Miscellaneous Motions</u>. In the event that the Receiver seeks to:

  (i) Sell real property with a value of less than $5,000.00 or sell personal property;

  (ii) Enter into a contract that obligates the receivership estate for more than $5,000.00;

(iii) Abandon Receivership Assets worth more than $2,000.00;

(iv) Obtain court approval of, and authority to pay, professional fees or expenses;

(v) Settle any litigation initiated by the Receiver or otherwise compromise claims held by the receivership estate;

(vi) Establish procedures governing the resolution of claims against Receivership Assets; or

(vii) Establish distribution procedures or a distribution method,

then the Receiver shall file with the Court a motion describing the action that the Receiver proposes to take and seeking Court approval for that action (the "Motion"). The Receiver will serve a copy of the Motion on all persons or entities that may have invested in or hold claims against the Receivership Defendants ("Claimants") that the Receiver is aware of as well as any parties who have requested service in this case. The Receiver will also post a copy of the Motion on the receivership webpage (located at www.dcgreceivership.wordpress.com). Unless otherwise requested, service by electronic mail shall be deemed sufficient. Objections to the Motion shall be due within fourteen (14) calendar days and must be filed with the Court and served on the Receiver. Claimants (or other interested parties) may serve the Receiver by email at dcgreceivership@grierlaw.com. If no objection is filed, the Court may issue an order ruling on the Motion. If an interested party files an objection to the Motion, the Court may rule on the Motion and any objection(s) with or without a hearing, at the Court's discretion.

(b) <u>Sales of Real Property with a Value of $5,000.00 or More</u>. In the event that the Receiver seeks to sell real property with a value of $5,000.00 or more, the following

procedures will apply:

    (i)    The Receiver will, subject to Court approval, employ an appraiser to issue one (1) appraisal of the real property to be sold;

    (ii)    The Receiver will, subject to Court approval, employ a realtor to expose the real property to the market, which marketing will include listing the real property through the appropriate multiple listing service as well as other publicly available internet sites;

    (iii)    The Receiver will review and consider any offers for the real property and negotiate as to the terms of such offers to obtain the highest and best offer;

    (iv)    The Receiver will contract with the prospective buyer that makes the highest and best offer for the real property (the "Initial Bid"), which must include an earnest money deposit in an amount that the Receiver deems sufficient and shall be subject to Court approval through a confirmation order;

    (v)    Such contract will be subject to overbids to ensure that the highest and best price is obtained;

    (vi)    Notice of the proposed sale of real property (the "Sale Notice") pursuant to the Initial Bid shall be provided by publication in at least one regularly issued newspaper of general circulation in the county, state, or judicial district where the property is located once a week for four weeks, and such notice shall include notice of a bid qualification deadline that occurs at least forty-five (45) days after

the first publication of the Sale Notice (the "Bidding Deadline");

(vii) In order to qualify, overbids shall be presented on the same terms and conditions as the Initial Bid, including an earnest money deposit equal to that included with the Initial Bid, with the exception that the purchase price shall be at least ten percent (10%) higher than the Initial Bid, and each overbid shall be accompanied by a proof of funds necessary to close the sale transaction in the form of a current bank statement, cashier's check delivered to the Receiver, or other evidence deemed sufficient by the Receiver;

(viii) If any qualifying overbids (each a "Qualified Overbid") are received before the Bidding Deadline, the Receiver will conduct an auction in which the holders of the Initial Bid and any Qualified Overbids may participate;

(ix) At the conclusion of the auction, or at the expiration of the Bidding Deadline if there are no Qualified Overbids, the Receiver will file a motion advising the Court of the outcome and requesting entry of an order confirming the sale in accordance with the Initial Bid;

(x) In the event of an auction, the Receiver may, but shall not be required to, request Court approval of a winning bid and a backup bid;

(xi) Any earnest money deposits of unsuccessful bidders will be promptly refunded; and

(xii) Unless otherwise agreed by the Receiver, should the winning bidder

fail to close on the purchase of the property within fourteen (14) days of entry of the order confirming the sale, the winning bidder will forfeit its earnest money deposit, and the backup bidder, if any, shall have fourteen (14) days in which to close on the purchase of the property or forfeit its earnest money deposit.

(c)     Case Closing.  Upon (i) satisfying all approved outstanding and projected professional fees and administrative expenses, (ii) distributing all Receivership Assets, and (iii) otherwise fulfilling all of her duties under the Temporary Receivership Order or any subsequent Order, the Receiver shall file with the Court a Final Report and Accounting reflecting the disposition of all Receivership Assets. The Court may enter an Order approving the Final Report and Accounting, dismissing the Receiver, and relieving the Receiver of any and all liability for any and all taxes, interest, and penalties in or on account of or alleged in any manner to be due by Receivership Defendants or the Receiver.

(d)     Amendments.  Entry of an Order outlining the procedures for this case shall be without prejudice to the rights of the SEC, the Receiver, Claimants or any other interested party to subsequently move the Court to amend such procedures.

3) Entry of this Order shall be without prejudice to the rights of the SEC, the Receiver, or any Claimant to subsequently move the Court to expand or limit any Claimant's ability to participate in this proceeding.

Signed: August 5, 2016

Graham C. Mullen
United States District Judge