# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:16-cv-00285

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD W. DAVIS, JR., ) <br> ) <br> Defendant, ) <br> and ) <br> ) <br> DCG REAL ASSETS, LLC, *et al.*, ) <br> ) <br> Relief Defendants. ) <br> _____ ) | **DEFAULT JUDGMENT AS TO REMAINING RELIEF DEFENDANTS AND ENTRY OF PERMANENT RECEIVERSHIP** |

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment as to Relief Defendants Davis Capital Group, Inc., North Lake Business Park, LLC, and Richard Davis Enterprises, LLC (collectively, "Relief Defendants"). Having considered the motion and the entire record, the Court enters the following Order granting the motion and entering a Default Judgment and Permanent Receivership against the Relief Defendants identified above as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the Relief Defendants and the subject matter of this action. Venue is proper in the Western District of North Carolina.

2. Each of the Relief Defendants identified above was properly served with a summons and a copy of the Complaint pursuant to Fed. R. Civ. P. 4. Thus, they have proper notice of this action.

3. As of the date of this Order, the Relief Defendants have failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk entered a default against the Relief Defendants on August 17, 2016. (Dkt. No. 55).

5. The court-appointed temporary receiver, A. Cotten Wright, Esq., does not oppose the Commission's motion.

6. By virtue of the default and failure to respond, the Relief Defendants identified above are deemed to have admitted the allegations of the Complaint, and the Commission has established the propriety of the relief sought against them. Accordingly, the Court finds the Relief Defendants liable for disgorgement and prejudgment interest as set forth below. The Court also finds it appropriate to place the Relief Defendants under permanent receivership as further set forth below.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment is **GRANTED**. Default Judgment is entered against Relief Defendants Davis Capital Group, Inc., North Lake Business Park, LLC, and Richard Davis Enterprises, LLC as follows:

## I.

### DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that each of the Relief Defendants identified above shall pay disgorgement of ill-gotten gains with prejudgment interest thereon. The Court shall determine the amounts of disgorgement upon motion of the Commission. Prejudgment interest shall be calculated from August 24, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26

U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement, and at any hearing held on such a motion: (a) Relief Defendants will be precluded from arguing Defendant Richard W. Davis, Jr. did not violate the federal securities laws as alleged in the Complaint, and will further be precluded from arguing they are not liable for disgorgement and prejudgment interest; (b) Relief Defendants may not challenge the validity of this Default Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Fed. R. Civ. P. 56(c). In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

## II.

## PERMANENT RECEIVERSHIP

The Court hereby converts the Temporary Receivership Order entered on June 8, 2016 (Dkt. No. 8) into a permanent receivership over Relief Defendants Davis Capital Group, Inc., North Lake Business Park, LLC, and Richard Davis Enterprises, LLC. Until further Order of this Court, A. Cotten Wright, Esq. is hereby appointed to serve without bond as receiver for the estates of these Relief Defendants, their subsidiaries, successors and assigns, on the same terms and under the same conditions as set forth in the Temporary Receivership Order (Dkt. No. 8).

## III.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over the Relief Defendants in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable application or motion

for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## IV.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

IT IS SO ORDERED.

Signed: September 22, 2016

Graham C. Mullen
United States District Judge

Copies to:

**Counsel of Record (via CM-ECF)**

**Richard W. Davis, Jr.**
**8511 Davis Lake Parkway Suite C6-257**
**Charlotte, NC 28269**

*Pro Se* Defendant and Registered Agent for Relief Defendants Davis Capital Group, Inc.; North Lake Business Park, LLC; and Richard Davis Enterprises, LLC