**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-285**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>     Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>     Relief Defendants. | **ORDER APPROVING FIRST APPLICATION FOR COMPENSATION TO GRIER FURR & CRISP, PA, ATTORNEYS FOR THE RECEIVER** |

  This matter came before the Court upon the *First Application for Compensation to Grier Furr & Crisp, PA, Attorneys for the Receiver* filed on October 31, 2016 (Doc. No. 68) (the "Fee Application") by A. Cotten Wright, as the duly-appointed receiver in the above-captioned action (the "Receiver"), through counsel. The Court finds and concludes as follows:

  Notice of the Fee Application was served upon the parties hereto as required by law. Although no party in interest timely filed with the Court an objection to, or request for hearing on, the Fee Application, Carolyn and Fred Clemmer delivered to the Receiver a letter objecting to the Fee Application (Doc. No. 74) (the "Clemmer Letter"). Upon reviewing the objections asserted in the Clemmer Letter, the Court has determined that the same should be overruled.

  It appears that the Fee Application conforms to the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

  Grier Furr & Crisp, PA has rendered valuable services to the Receiver during this civil proceeding, for which Grier Furr & Crisp, PA has received no compensation and the reasonable value of services as yet uncompensated is at least $75,371.00.

  Grier Furr & Crisp, PA is also entitled to reimbursement of actual and necessary expenses incurred in the administration of the receivership in the amount of $2,647.46.

  Although (i) the Orders appointing the Receiver limit the compensation and expense reimbursement available to the Receiver to thirty percent (30%) of any net recovery and (ii) the fees and expenses sought in the Fee Application exceed 30% of the $206,106.52 recovered by the Receiver through the date of the Fee Application, the Court is approving the Fee Application on

the understanding that any payment by the Receiver of the compensation approved hereby shall be limited to 30% of the net recovery until such time as additional recoveries are made.

**IT IS, THEREFORE, ORDERED** that

1. The Fee Application is **APPROVED**;

2. Grier Furr & Crisp, PA is **AWARDED** professional fees in the amount of $75,371.00 and reimbursement of expenses in the amount of $2,647.46;

3. The Receiver is hereby **AUTHORIZED** to immediately compensate Grier Furr & Crisp, PA for such approved fees and expenses in an amount not in excess of $61,831.96, thirty percent (30%) of the $206,106.52 net amount recovered by the Receiver through the date of the Fee Application; and

4. The Receiver is additionally **AUTHORIZED**, without further order by the Court, to compensate Grier Furr & Crisp, PA for any approved but unpaid fees and expenses upon the Receiver's recovery of additional funds in an amount not in excess of 30% of such additional funds, such that at no time shall the total compensation paid to Grier Furr & Crisp, PA over the course of this case exceed 30% of the total net amount recovered by the Receiver over the course of this case prior to deducting administrative expenses.

**SO ORDERED.**

Signed: November 30, 2016

Graham C. Mullen
United States District Judge