# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:16-CV-285

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>              Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al*.,<br><br>              Relief Defendants. | ORDER GRANTING MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS OUTSIDE OF THE CASE PROCEDURES DUE TO SPECIAL CIRCUMSTANCES |

This matter came before the Court upon the *Motion for Authority to Sell Real Property Free and Clear of Liens Outside of the Case Procedures Due to Special Circumstances* (Doc. No. 106) (the "Motion") by A. Cotten Wright, as the duly-appointed receiver in the above-captioned action, through counsel. The only objection filed in response to the Motion was filed by Defendant Richard W. Davis, Jr.

The Court has reviewed the Motion and the record in this case as well as the objection by the Defendant and the Reply brief of the Receiver and has determined that it would be in the best interest of the receivership estate to permit the Receiver to sell certain real property—described as (a) 102 S. Old Statesville Road, Huntersville, North Carolina, Mecklenburg County Tax Parcel No. 017-116-11 ("102 S. Old Statesville Rd."), (b) 109 Gilead Road, Huntersville, North Carolina, Mecklenburg County Tax Parcel No. 017-116-99 ("109 Gilead Rd."), and (c) the portion of Mecklenburg County Tax Parcel Nos. 017-116-18 and 017-116-43 which are not currently titled

to the Town of Huntersville ("Lots 18 and 43" and, along with 102 S. Old Statesville Rd. and 109 Gilead Rd., the "Real Property")—for the collective sum of $165,000.00 to the Town of Huntersville pursuant to the terms of the Contingent Contract to Sell and Purchase Real Property (the "Contract"), a copy of which is attached to the Motion.

**IT IS, THEREFORE, ORDERED** that

(1) The Motion is granted;

(2) The Receiver's acceptance of the Contract outside of the case procedures is approved due to the special nature and situation of the Real Property;

(3) The Receiver is authorized to cancel the deed of trust filed at Deed Book 29030, Page 246, Mecklenburg County Public Registry, in favor of Relief Defendant DCG Real Assets, LLC (the "Real Assets Deed of Trust");

(4) The Receiver is authorized to close on the sale of the Real Property pursuant to the terms of the Contract including executing necessary documentation customary in real estate closings such as deeds, lien waivers, 1099 forms and other similar documents; and

(5) The sale shall be free and clear of liens with any lien attaching to proceeds.

**SO ORDERED.**

Signed: June 13, 2017

Graham C. Mullen
United States District Judge