IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-285

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>    Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>    Relief Defendants. | **ORDER APPROVING SECOND APPLICATION FOR COMPENSATION TO MIDDLESWARTH BOWERS & COMPNAY, LLC, ACCOUNTANTS FOR THE RECEIVER** |

  This matter came before the Court upon the *Second Application for Compensation to Middleswarth Bowers & Company, LLC, Accountants for the Receiver* filed on July 19, 2017 (Doc. No. 101) (the "Fee Application") by A. Cotten Wright, as the duly-appointed receiver in the above-captioned action (the "Receiver"), through counsel. The Court finds and concludes as follows:

  Notice of the Fee Application was served upon the parties hereto as required by law. No party in interest filed a timely objection to the Fee Application.

  It appears that the Fee Application conforms to the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

  Middleswarth Bowers & Company, LLC has rendered valuable services to the Receiver during this civil proceeding, for which it has received no compensation and the reasonable value of services as yet uncompensated is at least $3,200.25.

  Middleswarth Bowers & Company, LLC is also entitled to reimbursement of actual and necessary expenses incurred in the administration of the receivership in the amount of $9.10.

  The Orders appointing the Receiver limit the compensation and expense reimbursement available to the Receiver's professionals to thirty percent (30%) of any net recovery. The Receiver has previously disbursed the maximum amount permitted for the Receiver's professionals to the Receiver's attorneys. Therefore, the Court approves this Second Application for Compensation on the condition that any payment by the Receiver of the compensation approved hereby shall be limited 30% of the total net amount recovered by the Receiver over the course of this case prior to deducting administrative expenses.

**IT IS, THEREFORE, ORDERED** that

1. The Fee Application is **APPROVED**;

2. Middleswarth Bowers & Company, LLC is **AWARDED** professional fees in the amount of $3,200.25 and reimbursement of expenses in the amount of $9.10; and

3. The Receiver is **AUTHORIZED**, upon the Receiver's recovery of additional funds and without further order by the Court, to compensate Middleswarth Bowers & Company, LLC for any approved but unpaid fees and expenses in an amount not in excess of 30% of such additional funds, such that at no time shall the total compensation paid to the Receiver's professionals over the course of this case exceed 30% of the total net amount recovered by the Receiver over the course of this case prior to deducting administrative expenses.

**SO ORDERED.**

Signed: August 10, 2017

Graham C. Mullen
United States District Judge