UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>　　　　　Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>　　　　　Relief Defendants. | CASE NO. 3:16-CV-285<br><br>ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF PROPOSED CLAIMS VERIFICATION AND NOTICE PROCEDURES |

This matter came before the Court on the *Receiver's Motion for Approval of Proposed Claims Verification and Notice Procedures* filed on July 25, 2017 (the "Motion") (D.E. 129) seeking this Court's approval of proposed procedures for verifying Claimants' claims for their losses ("Claims Procedures"), including (1) a notice to Claimants relative to the claims process ("Notice"), (2) a proof of claim verification form ("Claim Verification Form"), (3) a proposed bar date by which Investors must submit verification of their claims ("Claims Bar Date"), and (4) a claims review and objection process ("Review Process"). The Court finds that it has jurisdiction over this matter and that notice was proper. The Court has reviewed the Motion and concludes that the relief requested in the Motion should be granted, as follows:

**CLAIM PROCEDURES**

The Court approves the following procedures for establishing Claims:

## 1. *Notice of Claims Process; Claim Verification Form*

a. The Receiver will send the Notice to all Claimants at the mailing addresses and email addresses available to the Receiver. The Receiver also will post the Notice on the Receivership website. Each Notice will be accompanied a Claim Verification Form. The Notice will instruct Claimants to complete and return their Claim Verification Forms on or before the Claims Bar Date. Copies of the proposed Notice and Claim Verification Form were attached to the Motion as Exhibits A and B, respectively.

b. Each Investor will be required to submit a Claim Verification Form in order to be eligible to receive a distribution from the Receivership Estate. If an Investor's Claim Verification Form contains information inconsistent with the records compiled by the Receiver relative to the Investor's total investment ("Total Investment") and/or pre-receivership disbursements ("Total Withdrawals") for the Investor's account, then the Investor will be asked to submit documentation to evidence any discrepancy, including but not limited to the following:

   (1) Investor name, mailing address, phone number, and email address;

   (2) A summary of each deposit and withdrawal made by the Investor; and

   (3) Documentation of all deposits and withdrawals, including but not limited to, wire transfer confirmations or canceled checks; and statements reflecting deposits and withdrawals.

c. Likewise, each Vendor will be required to submit a Claim Verification Form in order to be eligible to receive a distribution from the Receivership Estate. Vendors should attach invoices and other relevant documentation to their Claim Verification Forms,

including documentation of any partial payments received. Each Vendor should provide a contact name, mailing address, phone number, and email address.

        d.      Claim Verification Forms must be signed so as to indicate that, to the best of the Claimant's knowledge, the Claim Verification Form is true, correct, complete and accurate according to the Claimant's records. Completed Claim Verification Forms and documentation may be submitted to the Receiver by email at dcgreceiver@grierlaw.com or by mail addressed or hand delivered to:

> DCG Receivership Claims
> Grier Furr & Crisp, PA
> 101 North Tryon Street, Suite 1240
> Charlotte, NC 28246

## 2. *Claims Bar Date.*

The Receiver proposes to establish a Claims Bar Date of thirty (30) days from the date the Receiver mails or emails the Notice. Claim Verification Forms and accompanying documentation will be due to the Receiver by the Claims Bar Date. The Claims Bar Date will appear prominently on the Notice and the Claim Verification Form. In addition, the Claims Bar Date will be posted on the Receivership Website. The Receiver recommends that claims submitted after the Claims Bar Date be disallowed such that no distribution will be made on those late claims. However, the Receiver is authorized to extend the Claims Bar Date for individual Claimants, for good cause, for as much as an additional thirty (30) days. Any Claimant who requests such an extension from the Receiver should do so in writing prior to the expiration of the then applicable Claims Bar Date.

### *3.      Claims Review Process and Claims Report.*

Once the Claims Bar Date has run, the Receiver will review each Claim Verification Form and the accompanying documentation and will verify the Total Investment and Total Withdrawals for each Investor. Likewise, the Receiver will review Claim Verification Forms and accompanying documentation submitted by Vendors. The Receiver will then file with the Court and serve on all interested parties a claims report (the "Claims Report") outlining the Receiver's recommendation as to each claim submitted together with an explanation of any objection by the Receiver to a submitted claim. To protect Investor privacy, the Claims Report will identify Investors by their initials and the last four (4) digits of their phone numbers. Vendors will be listed by name.

To the extent that any claim is objectionable, the Claims Report will set forth the basis for the Receiver's objection. The Receiver may object to Claimants' claims on any of the following grounds: (1) the claim was tardy; (2) the claim is not adequately documented; (3) the claimed amounts included false profits; (4) the claim is not against any of the Relief Defendants; or (5) any other valid reason.

### *4.      Procedure for Objections to Claims Report.*

Each Claimant will have the opportunity to respond to all or any portion of the Claims Report. In particular, Investors may respond or object to the amounts of their Total Investment and Total Withdrawals as listed on the Claims Report. Any responses to the Receiver's objections must be filed with the Court and served on the Receiver no later than thirty (30) days after the date the Claims Report is filed and served. The Receiver will attempt to resolve any objection directly with each responding Claimant. Objections that are not resolved through negotiations will be determined by the Court.

### 5. *Order on Claims Report.*

The Court's Order on the Claims Report will reflect a final determination of the amounts of the Total Investment and Total Withdrawals for all Investors and the amounts due to Vendors. Distributions will be based on the amounts allowed by the Court in its Order.

The Claims Procedures and Review Process described above reflect a reasonable method of soliciting and evaluating Investor claims. The Claims Procedures and Review Process afford Claimants appropriate due process.

**IT IS, THEREFORE, ORDERED** that the Motion is **GRANTED** and the Claims Procedures, Review Process, Notice, Claim Verification Form and Claims Bar Date as set forth herein are **APPROVED**.

Signed: August 10, 2017

Graham C. Mullen
United States District Judge