**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-285**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>　　　　　　Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>　　　　　　Relief Defendants. | **ORDER GRANTING MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS – 9137 MT. HOLLY-HUNTERSVILLE RD.** |

This matter came before the Court upon the *Motion for Authority to Sell Real Property Free and Clear of Liens – Mt. Holly-Huntersville Road* (Doc. No. 141) (the "Motion") by A. Cotten Wright, as the duly-appointed receiver in the above-captioned action, through counsel. It appears that notice of the Motion was proper, the deadline to object to the Motion has expired and that no objections were filed in response to the Motion.

The Court, having reviewed the Motion and the record in this case, has determined that it would be in the best interest of the receivership estate to permit the Receiver to sell certain real property—described as 9137 Mt. Holly-Huntersville Road, Huntersville, North Carolina 28078, Mecklenburg County Tax Parcel No. 015-255-03, plat reference Lot/Unit 3 & 4, Block 2, Subdivision: Westminster Park (the "Real Property") for the sum of $140,000.00 to New Venture Properties, LLC pursuant to the terms of the Offer to Purchase and Contract (the "Contract"), a copy of which is attached to the Motion.

Because the Real Property is jointly owned with Mike B. and Bina Shah (the "Shahs"), the Motion proposed that, upon the closing of the Sale, the net proceeds would be deposited in the designated Receivership bank account, and thereafter the Receiver would account to the Shahs for their portion of the proceeds.

**IT IS, THEREFORE, ORDERED** that

(1) The Motion is granted;

(2) The Receiver is authorized to close on the sale of the Real Property pursuant to the terms of the Contract including executing necessary documentation customary in real estate closings such as deeds, lien waivers, 1099 forms and other similar documents;

(3) The sale shall be free and clear of liens with any lien attaching to proceeds; and

(4) The Receiver is authorized to deposit the Sale proceeds, net of the realtor commissions, taxes, closing costs, and other expenses typically paid by the sellers in a real property transaction, to the Receivership bank account to be held pending further Order from this Court determining the allocation of such net proceeds as between the Receivership estate and the Shahs based on their respective interests and taking into account certain fees and expenses paid with Receivership funds in connection with maintaining and preserving the Real Property.

**SO ORDERED.**

Signed: October 12, 2017

Graham C. Mullen
United States District Judge