# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>    Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>    Relief Defendants. | CASE NO. 3:16-CV-285<br><br>ORDER ON RECEIVER'S OBJECTION TO CLAIM SUBMITTED BY GUNDERSON LAW FIRM |

This matter came before the Court on the *Receiver's Objection to Claim Submitted by Gunderson Law Firm* (the "Objection") brought by A. Cotten Wright as Receiver (the "Receiver") in this case, through counsel. It appears that notice of the Objection was proper, and no responses to the Objection were filed. The Court, having reviewed the Objection and the record in this case, has determined that the Objection should be allowed.

The Objection reflects the Receiver's response to a vendor claim submitted on behalf of the Gunderson Law Firm located in Reno, Nevada (the "Gunderson Firm") alleging a claim amount of $12,487.62 based on total billings of $32,487.62 less payments of $20,000.00.

On July 9, 2015, Richard Davis ("Davis") entered into a Retainer and Fee Agreement (the "Agreement") with the Gunderson Law Firm (the "Gunderson Firm") on his personal behalf and on behalf of Davis Capital Group, Inc. ("DCG") and Integrity Mining, LLC ("Integrity Mining" and, together with Davis and DCG, the "Davis Parties") whereby the Gunderson Firm would represent all three parties in matters involving Ray E. Bluff, III and Willow Creek Placer Group,

1

LLC (the "Nevada Litigation"). Of the Davis Parties, only DCG has a financial interest in the Nevada Litigation.

Pursuant to the Agreement, the Davis Parties were to provide the Gunderson Firm with a retainer deposit of $10,000.00 (the "Retainer"). The Agreement provided that, at the option of the Firm, interest of twelve percent (12%) could be applied to invoices that remained unpaid after sixty (60) days. On August 10, 2015, DCG provided the Retainer to the Gunderson Firm.

Post-receivership, the Gunderson Firm billed the Receiver on a regular basis, adding interest charges to its invoices. At the same time, the Receiver's attorneys found the Gunderson Firm's cooperation with the Receivership case to be inconsistent. At no point did the Receiver enter into an engagement agreement with the Gunderson Firm.

Upon her review of the Gunderson Firm's claim, the Receiver determined that it should be allowed in the amount of $2,250.00. That recommendation provides for payment of the portion of the Gunderson Firm's Claim that dates back to before it learned of the Receivership, no later than August 9, 2016, and includes the optional interest charges added to the Gunderson Firm's outstanding invoices before that date. That figure also takes into account some benefit to the Receivership reflected in the Gunderson Firm's participation in a telephone hearing in the Nevada Litigation on September 23, 2016, and the its eventual compliance with the Receiver's request for the its files relative to its representation of DCG.

The Court finds and concludes that the Receiver's recommendation as to the Gunderson Firm's Claim is adequately supported and reflects a fair and equitable resolution of that claim.

2

IT IS, THEREFORE, ORDERED that:

1) The relief requested in the Objection is GRANTED; and

2) The Gunderson Law Firm's claim is ALLOWED as a vendor claim in the amount of $2,250.00.

**SO ORDERED.**

Signed: July 17, 2018

Graham C. Mullen
United States District Judge