UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>Relief Defendants. | CASE NO. 3:16-CV-285<br><br>CONSENT ORDER REGARDING CLAIM SUBMITTED BY GUNDERSON LAW FIRM |

**THIS MATTER** came before the Court on the consent of A. Cotten Wright, the duly appointed receiver in this case (the "Receiver") and the Gunderson Law Firm ("Gunderson") relative to the claim submitted by Gunderson for attorneys' fees (the "Gunderson Claim"), by and through their respective counsel.

## BACKGROUND

On September 6, 2017, Gunderson submitted the Gunderson Claim alleging a claim in this case for $12,487.62 in connection with its representation of Davis Capital Group, Inc. in pre-receivership litigation in Nevada, *Bluff, et al. v. Davis, et al.*, Case No. CV-12-11258 and CV-12-11996, Pershing County, Nevada, District Court (the "Bluff Litigation") and thereafter during the pendency of the Receivership.

Also on September 6, 2017, Gunderson filed a *Notice of Lien for Attorneys' Fees and Costs* in the Bluff Litigation, asserting a lien in the amount of $12,487.62. The Receivership Order

1

prohibits those who received notice of that Order from creating or enforcing a lien as to any Receivership property.

On May 21, 2018, the Receiver filed her objection to the Gunderson Claim recommending that that claim be allowed in the reduced amount of $2,250.00 (the "Objection") (Doc. No. 190). On July 17, 2018, the Court entered an Order allowing that Objection (Doc. No. 196).

On July 26, 2018, Gunderson notified the Receiver that it had no record of having been served with the Objection. Gunderson also argued that the Receiver should reconsider the recommended allowed amount of its claim. The Receiver promptly filed an ex parte motion requesting that the Order on the Objection be rescinded. (Doc. No. 204). On August 3, 2018, the Court entered an Order rescinding the Order on the Objection. (Doc. No. 210).

## SETTLEMENT AS TO THE GUNDERSON CLAIM

Gunderson and the Receiver have since negotiated and agreed to settle the Gunderson Claim, the Objection, and any other claims that the Receiver and Gunderson may have against each other as outlined in this Consent Order (the "Settlement").

Specifically, the terms of the agreed-to Settlement are as follows:

(a) Gunderson will file a *Notice of Withdrawal* as to its *Notice of Lien for Attorneys' Fees and Costs* in the Nevada Litigation and provide a file-stamped copy of that *Notice of Withdrawal* to the Receiver on or before August 17, 2018;

(b) Gunderson shall be allowed a claim in this case in the amount of $4,823.14;

(c) This Settlement shall fully resolve any issues relative to the Gunderson Claim and any attorneys' fees and expenses incurred in connection with

representing any of the Receivership Defendants as well as any claims that Gunderson may have against the Receiver and the Receivership Defendants;

(d) This Settlement shall fully resolve any issues that the Receiver may have against Gunderson in connection with this case, the Nevada Litigation, and the Receivership Defendants;

(e) Except as provided in this Order, Gunderson completely and forever releases, settles, and discharges each and every of the Receivership Defendants, and each of their attorneys, employees, or other agents ("Receivership Released Parties"), of and from all past, present, and future actions, causes of action, agreements, controversies, claims, damages, demands, debts, liabilities, obligations, expenses, compensation, suits, and variances whatsoever, whether known or unknown, in law or at equity, based on a tort, contract, or other theory of recovery, and whether for compensatory or punitive damages, which Gunderson ever had or now has against Receivership Released Parties, including those relative to this case or the Nevada Litigation; and

(f) Each Receivership Defendant completely and forever releases, settles, and discharges Gunderson, and each of its attorneys, employees, or other agent ("Gunderson's Released Parties"), of and from all past, present, and future actions, causes of action, agreements, controversies, claims, damages, demands, debts, liabilities, obligations, expenses, compensation, suits, and variances whatsoever, whether known or unknown, in law or at equity, based on a tort, contract, or other theory of recovery, and whether for compensatory or punitive damages, which any Receivership Defendant ever had or now has against

Gunderson's Released Parties, including those relative to this case or the Nevada Litigation.

The Court having reviewed the Objection and the record in this case, has determined that the Settlement reflects a fair, reasonable and adequate resolution of the Gunderson Claim, the Objection, and any claims that the parties may have against each other including those relative to this case, the Nevada Litigation, or the Receivership Defendants.

For these reasons, the Settlement is APPROVED.

**SO ORDERED.**

Signed: August 27, 2018

Graham C. Mullen
United States District Judge

APPROVED FOR ENTRY BY:

*/s/ A. Cotten Wright*
A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC  28246
Phone:  (704) 332-0207
Email: cwright@grierlaw.com
*Attorneys for the Receiver*

*/s/ John R. Funk*
John R. Funk, Esq.
Gunderson Law Firm
3895 Warren Way
Reno, Nevada 89509
(775) 829-1222 Telephone
(775) 829-1226 Facsimile
Email:
*Attorneys for the Gunderson Law Firm*

4