**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-285**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **AMENDED ORDER GRANTING MOTION FOR AUTHORITY TO SELL REAL PROPERTY - 11711 ALEXANDRIANA ROAD, HUNTERSVILLE, NORTH CAROLINA – FREE AND CLEAR OF LIENS** |
| **v.** | |
| **RICHARD W. DAVIS, JR.,** | |
| **Defendant,** | |
| **and** | |
| **DCG REAL ASSETS, LLC, *et al.*,** | |
| **Relief Defendants.** | |

This matter came before the Court upon the *Motion for Authority to Sell Real Property – 11711 Alexandriana Road, Huntersville, North Carolina - Free and Clear of Liens* (Doc. No. 247) (the "Motion") filed on March 1, 2019 by A. Cotten Wright, the duly-appointed receiver in the above-captioned action, through counsel. In the Motion, the Receiver requested authority to sell real property that is titled to Finely Limited, one of the relief defendants in this case (the "Real Property") pursuant to the Real Estate Purchase Contract that was attached to the Motion as Exhibit A (the "Contract") and in accordance with the sale procedures approved by the Court (Doc. No. 49). It appears that notice of the Motion was proper and the deadline to object to the Motion has expired.

On March 15, 2019, a *Response and Objection to Motion for Authority to Sell Real Property – 11711 Alexandriana Road, Huntersville, North Carolina – Free And Clear of Liens / Motion for Authority to be Listed as Claimant Investor for the Sell of Real Property – 11711*

1

*Alexandriana Road, Huntersville, North Carolina* (the "Response") was filed on behalf of Kenyatta C. Lucas ("Lucas") requesting, among other relief that he be deemed to hold a 30-40 percent ownership interest in the Real Property (Doc. No. 249). On March 18, 2019, the Receiver filed her *Receiver's Reply to Response and Objection to Motion for Authority to Sell Real Property – 11711 Alexandriana Road, Huntersville, North Carolina – Free And Clear of Liens / Motion for Authority to be Listed as Claimant Investor for the Sell [sic] of Real Property – 11711 Alexandriana Road, Huntersville, North Carolina* (the "Reply"). (Doc. No. 250).

The Court, having reviewed the record in this case, the Motion, the Response, and the Reply has determined that the Response is not well taken and should be overruled. In particular, it appears that Lucas is not the real party in interest with respect to any claims he or his entities may hold given the *Order Reopening Case No. 12-35788* entered by the U.S. Bankruptcy Court for the Southern District of Texas on July 27, 2018 (the "Bankruptcy Court Order"). In addition, the Court does not find that Lucas is an owner or secured creditor with respect to the Real Property and, therefore, is not entitled to payment of the sale proceeds. Rather, distributions on the claims previously allowed for Lucas and Lucas 21 Holdings, LLC, Claims 127A and 127C, will be made in accordance with the Bankruptcy Court Order upon entry of further orders by this Court regarding distributions.

The Court has determined that it would be in the best interests of the receivership estate to permit the Receiver to sell the Real Property, described as 11711 Alexandriana Road, Huntersville, Mecklenburg County, North Carolina, Tax Parcel No. 017-051-06, and consisting of approximately 13.02 acres, pursuant to the terms of the Contract.

**IT IS, THEREFORE, ORDERED** that

(1)     The Motion is granted;

(2)     The Response is overruled;

(3)     The Receiver's acceptance of the Contract is approved;

(4)     The Receiver is authorized to close on the sale of the Real Property pursuant to the terms of the Contract, including executing necessary documentation customary in real estate closings such as deeds, lien waivers, 1099 forms and other similar documents;

(4)     The sale shall be free and clear of liens with any lien attaching to proceeds;

(5)     The North Carolina Deed of Trust filed on November 2, 2007 at Book 23012, Page 697 at the Mecklenburg County Register of Deeds from North Lake Business Park, LLC ("NLBP"), a Relief Defendant, to Davis Capital Group, Inc. ("DCG"), a Relief Defendant is invalid, ineffective, unenforceable and void *ab initio*; and

(5)     The Receiver is authorized to deposit the Sale proceeds, net of the realtor commissions, taxes, closing costs, and other expenses typically paid by the sellers in a real property transaction, to the Receivership bank account.

**SO ORDERED.**

Signed: June 24, 2019

Graham C. Mullen
United States District Judge