# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD W. DAVIS, JR.,<br><br>    Defendant,<br>and<br><br>DCG REAL ASSETS, LLC, *et al.*,<br><br>    Relief Defendants. | CASE NO. 3:16-CV-285<br><br>ORDER GRANTING RECEIVER'S MOTION FOR ORDER AUTHORIZING REDISTRIBUTION OF FUNDS AND COMPENSATION FOR ASSOCIATED FEES AND EXPENSES |

  This matter came before the Court upon the *Receiver's Motion for Order Authorizing Redistribution of Funds and Compensation for Associated Fees and Expenses* (Doc. No. 288) (the "Motion") filed on April 6, 2020 by A. Cotten Wright, the duly appointed receiver in the above-captioned action, through counsel. In the Motion, the Receiver requested authority to redistribute $13,878.34 in funds remaining in the receivership account due to a prior distribution having been refused. In addition, the Receiver requested Court approval for procedures to address potential future issues with respect to de minimis distributions and uncollected funds.

  It appears that notice of the Motion was proper and the deadline for responses to the Motion expired without any objections having been filed.

  In the Motion, the Receiver reported that the holder of Claim 166 had refused to accept a check for a final distribution in the amount of $13,878.34. The Receiver proposed to redistribute $12,878.34 of that amount to the remaining claimants in the amounts reflected in Exhibit A to the Motion. The Receiver requested authority to apply the remaining $1,000.00 in the receivership

1

account to pay professional fees and expenses associated with such items as bringing the Motion, updating accounting reports, and mailing checks to claimants.

In addition, the Receiver proposed that the Court establish a procedure to address the potential that any redistributed funds are ultimately unclaimed or undeliverable. The Receiver requested that, to the extent that the cumulative total of redistribution checks that are not timely negotiated is $2,000.00 or more, the Receiver would be authorized to make another redistribution without further Court approval. Conversely, to the extent that the cumulative total of redistribution checks that are not timely negotiated is less than $2,000.00, those funds would be turned over to the Court Registry, without the necessity of Court approval.

As for de minimis distributions, the Receiver proposed that should the amount to be distributed on any allowed claim in connection with the Redistribution or a potential further redistribution be $5.00 or less, those funds would be turned over to the Court Registry without the requirement of further Court approval.

The Court, having reviewed the Motion and the record in this case, has determined that the Motion should be allowed as reflecting the best interests of the claimants in this case.

**IT IS, THEREFORE, ORDERED** that:

1) The Motion is granted;

2) The Receiver is authorized to make the Redistribution to claimants of $12,878.34 in the amounts set forth in Exhibit A to the Motion;

3) The Receiver is authorized to apply $1,000.00 to the Receiver's professional fees and expenses;

2

4) To the extent that the cumulative total of redistribution checks that are not timely negotiated is $2,000.00 or more, the Receiver is authorized to make another redistribution without further Court approval;

5) To the extent that the cumulative total of redistribution checks that are not timely negotiated is less than $2,000.00, the Receiver is authorized to turn those funds over to the Court Registry, without further Court approval; and

6) To the extent that the amount to be distributed on any allowed claim in connection with the Redistribution or a potential further redistribution is $5.00 or less, those funds shall be turned over to the Court Registry without further Court approval.

**SO ORDERED.**

Signed: April 27, 2020

Graham C. Mullen
United States District Judge